# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BOLTEX MANUFACTURING COMPANY, L.P., and WELDBEND CORPORATION, | § § § § § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION H-17-1439 |
| GALPERTI, INC. and OFFICINE NICOLA GALPERTI E FIGLIO S.P.A. | § § § § § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are defendants Galpterti Inc.'s and Officine Nicola Galperti e Figlio S.p.A.'s (collectively, "Defendants") motions to exclude the expert testimony of (1) Thomas Britven (Dkts. 122, 154); (2) Dana Medlin (Dkts. 124, 152); (3) Thomas Eagar (Dkts. 126, 156); (4) Kristi Wolff (Dkts. 128, 155); and (5) Seven non-retained experts (Dkts. 148, 157). Defendants also filed a motion to strike the declaration of Dana Medlin. (Dkt. 223). Also pending are plaintiffs Boltex Manufacturing Company, L.P. and Weldbend Corporation's (collectively, "Plaintiffs") motions to exclude the expert testimony of (1) Walter Bratic (Dkts. 131, 133); (2) John Slater (Dkts. 134, 135); (3) Jason Matechak (Dkts. 136, 137); and (4) Michael Rappeport (Dkts. 138, 139). Plaintiffs and Defendants responded and replied to each motion. Having considered the motions, responses, replies, and applicable law, the court is of the opinion that each of the motions is DENIED except as follows:

1. Jason Matechak (Dkts. 136, 137) and Kristi Wolff (Dkts. 128, 155)

The court has reviewed the expert report and testimony of Jason Matechak and finds that the entirety of Matechak's report and testimony is an inadmissible legal opinion. *See C.P. Interests, Inc.*

*v. Cal. Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001) (holding that expert witnesses may not offer conclusions of law).

Similarly, the court provisionally strikes Kristi Wolff's expert testimony and report for the same reason.

2. John Slater (Dkts. 134, 135)

The court admits John Slater's report but excludes any portion relating to the "USA" issues and misrepresentations. This section of his report constitutes a legal conclusion based on his interpretation of the FTC guidelines. *See C.P. Interests, Inc.*, 238 F.3d at 697.

3. Thomas Britven (Dkts. 122, 154)

The court admits Thomas Britven's testimony and his reports but excludes legal conclusions contained in his report. *See C.P. Interests, Inc.*, 238 F.3d at 697. For example, Britven cannot opine that "the record contains examples of Defendants' intent to deceive". In the context of his report, "Defendants' intent" is a factor Plaintiffs need to establish by presenting evidence that will lead the jury to conclude the factor is met. Britven cannot simply conclude that the factor is met.

4. Thomas Eagar (Dkts. 126, 156)

The court admit Thomas Eagar's testimony and reports but Eagar cannot attack the other side's experts by saying they have "cobbled together criticisms" or they are "looking for nits to pick." Additionally, because the court is striking the "USA" issues and representations portion of Slater's report, any portion of Eagar's rebuttal report relating to that is also excluded.

5. Frank Bernobich, Sami Haq, and James Coulas (Dkts. 148, 157)

The court has reviewed the testimony of Frank Bernobich, Sami Haq, and James Coulas and determines they are qualified to testify as lay witnesses, and not as non-retained experts.

Signed at Houston, Texas on June 21, 2019.

_____
Gray H. Miller
Senior United States District Judge